UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

DOUGLAS CARTER )
)
)
v. ) NO. 2:04-CV-407
)
KLI, INC., f/n/a )
KELLER LADDERS, INC. )
)

## MEMORANDUM OPINION

This products liability case is before the Court on the defendant's motion for summary judgment. [Doc. 26].

The facts are largely undisputed in this products liability action. The plaintiff was assisting Ms. Davis, the owner of the stepladder which is the subject of this action, with hanging Christmas lights on her home. On November 17, 2003, the plaintiff was utilizing this stepladder in a fairly level area, and was standing on the second or third rung, with his body within the vertical confines of the ladder. The plaintiff contends that the ladder suddenly gave way, causing him to fall. At the time, Ms. Davis was standing behind the ladder and a Ms. Simerly was holding onto the ladder.

The subject ladder was purchased by Ms. Davis' husband, now

deceased. Ms. Davis was not with him when the ladder was purchased, but does not think that her husband owned the ladder prior to 1995 or 1996. The defendant has submitted uncontroverted proof that the ladder was manufactured in 1984.

Summary judgment is appropriate when "there is no genuine issue of material fact." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of proving that no material facts exist, and the court must draw all inferences in a light most favorable to the non-moving party. A court may grant summary judgment when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Once the moving party has proved that no material facts exist, the non-moving party must do more than raise a metaphysical or conjectural doubt about issues requiring resolution at trial. *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir.1992) (citations omitted).

In accordance with long standing summary judgment principles, this Court must construe the evidence in this record most favorably for the non-moving parties. *E.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88(1986); *Scott v. Clay County*, 205 F.3d 867, 871 (6th Cir.2000). As explained by the Sixth Circuit in *Scott*,

> "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not

2

Case 2:04-cv-00407   Document 48   Filed 08/08/06   Page 2 of 10   PageID #: 10

those of a judge.... <u>The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor</u>." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citation omitted). See also *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992); *Adams v. Metiva*, 31 F.3d 375, 378-79 (6th Cir.1994). (emphasis added)

Id. at 871.

The defendant's motion for summary judgment raises three bases for judgment in favor of the defendant as a matter of law on the plaintiff's tort claims, that is:

1. KLI, Inc. was not the designer, manufacturer, assembler, seller or distributor of the subject ladder.

2. The plaintiff's cause of action is barred by the applicable statute of repose for product liability actions.

3. Plaintiff's expert's testimony does not support a claim of defect and proximate cause.

Additionally, the defendant seeks judgment as a matter of law on the plaintiff's breach of warranty claims, to which the plaintiff has failed to respond. For the failure to respond, which presumably concedes this argument, and for further reason that breach of warranty claim is barred by the statute of limitations the plaintiff's breach of warranty claim will be dismissed. *Layman v. Keller Ladders, Inc.*, 455 S.W. 2d 594, 596 (Tenn. 1970).

3

The first basis of the defendant's motion for summary judgment as to the plaintiff's tort claims is that it was not the "designer, manufacturer, assembler, seller or distributor of the accident ladder," but that the ladder was manufactured and distributed by Keller Industries, Inc., which company was liquidated in bankruptcy proceedings. Plaintiff simply rebuts this argument with a statement that the defendant has admitted that it was the manufacturer of the accident ladder. In reply, the defendant points to a portion of paragraph 4 of its amended answer to the amended complaint which states:

> KLI denies that it manufactured or sold the ladder alluded to in the Amended Complaint and represented to be the ladder involved in Mr. Carter's fall. KLI avers the ladder alluded to in the Complaint was manufactured by Keller Industries, Inc.

Despite this seeming denial, KLI ignores the language of the first sentence of the same paragraph, which could be construed to mean that KLI manufactured the subject ladder. While such might simply be the result of a typographical error, the court must rely upon the documents with which it is presented. That sentence states:

> In response to the allegations contained in Paragraph 4 of the Plaintiff's Amended Complaint, KLI admits it manufactured Model 926 Green Line Stepladders prior to November 17, 2003 but avers that it did not manufacture any such stepladders **after** 1999.

(emphasis added)

4

The proof with which the Court is presented is that the plaintiff was injured when he fell from a Model 926 Green Line Stepladder which the plaintiff contends was purchased sometime in the mid 1990's. It is certainly the admission by the defendant that it manufactured a Model 926 Green Line Stepladder but not "after 1999." While contradictory to the second sentence in paragraph 4 of the defendant's amended answer, it must be construed as evidence from which a jury could conclude that it manufactured the subject ladder.

      The third argument basis advanced by the defendant for summary judgment is that the plaintiff cannot set forth sufficient proof from which to establish that there was a manufacturing or design defect in the subject ladder, and that even if the plaintiff can establish a design defect, the plaintiff cannot establish a causal connection between the defect and the plaintiff's injuries. On the issue of whether there existed a manufacturing or design defect, the plaintiff only presents the testimony of its expert witness, L.E. Hess, an engineer, whose opinions are set forth in three paragraphs as follows:

    1.    The ladder was an older model showing signs of us [sic] but no abuse. Appeared to have been in serviceable condition.

    2.    Ladder had collapsed due to the buckling of the support locking arms to the left. Ladder was distorted and right rear leg would not rest on level gound. When using this type of ladder, weight

>    must be centered (i.e. belt buckle of user must stay
>    within confines of side rails), off-center loading
>    can cause a rear leg to lift, resulting instability may
>    cause ladder to shift and buckle or collapse, (i.e. if
>    the user of the ladder shifts his weight while
>    standing on one of the steps and reaches above and
>    to the right or left of the top of the ladders, such a
>    movement could cause the instability referred to
>    and could cause the ladder to shift and/or collapse).
>
> 3. There were no material or manufacturing anomalies observed that may have contributed to collapse.

Without question, the report of the plaintiff's expert establishes that the plaintiff has abandoned any claim that they might have to a manufacturing defect, as none was observed by the expert as outlined in the third paragraph. Further, the third paragraph could also be read to establish that the expert did not observe any design defect. Indeed, this is the reading of the Court, as Mr. Hess' report sets forth no defects observed or points out any manner in which the ladder's design might have been done differently or improved. "[I]n order for a plaintiff to recover under any theory of product liability, the plaintiff must establish that the product was defective and unreasonably dangerous at the time the product left the control of the manufacturer." *General Motors Corp. v. Thomas*, 655 F. Supp. 22, 23 (E.D. Tenn. 1985).

At the very most, plaintiff might argue that paragraph two of Mr.

6

Hess' report has set forth some defect in the ladder within his general statement that off-center loading could cause instability of the ladder and cause it to shift and buckle or collapse. Even if this statement is sufficient to establish a defect in the ladder, the plaintiff still has the burden of showing that this defect was a proximate cause of the ladder collapse that led to the plaintiff's injuries. *Pride v. Bic Corp.*, 128 F. 3d 566, 580 (6th Cir. 2000). Plaintiff has not met this burden. The unequivocal testimony of the plaintiff is that he was standing straight on the ladder, both feet on the same rung, and was neither leaning towards the left nor right. Thus, even if the opinion of Mr. Hess could be construed as stating that the ladder was defective in that it would not permit a person to lean off center on the ladder without the ladder collapsing, such an event is inconsistent with the testimony of the plaintiff and therefore no proximate cause can be established.

The defendants further argue that the applicable statute of repose has run. Under *Tenn. Code Ann.* § 29-28-103, actions for products liability must be brought within ten years from the date on which the product was first purchased for use for consumption. The defendant submits testimony that the subject ladder was manufactured in 1984, and that it is more likely than not that the ladder was sold within a year or so of its manufacture, and thus was sold well before the ten year statute of repose began to run in 1994. The burden of establishing that there

is a genuine issue of material fact as to the date of purchase in order to avoid the defendant's assertion of this affirmative defense is upon the plaintiff. *Akron Presform Mold Co. v. McNeil Corp.*, 496 F. 2d 230, 234 (6th Cir. 1974); *Electric Power Board of Chattanooga v. Westinghouse Electric Corp.*, 716 F. Supp. 1069, 1077 (E.D. Tenn. 1988). The testimony presented by the plaintiff in this regard is very weak, though the Court cannot say as a matter of law, drawing all reasonable inferences in favor of the plaintiff, that a reasonable jury could not conclude from the testimony of Ms. Davis, the owner of the ladder, that the ladder was not purchased within ten years prior to the filing of this lawsuit. While Ms. Davis was not involved in the purchase of the ladder, and is not certain of the date of its purchase, she testified that it was probably purchased in 1995 or 1996 because she and her late husband, who had purchased the ladder, moved in 1994, and they did not have the ladder when they moved. While it is certainly plausible the ladder was not new when purchased by Ms. Davis' late husband, Ms. Davis testified as follows:

> Q: So he died in '97?
>
> A: Yeah.
>
> Q: He would have had to purchase it before that time?

8

> A: Yeah. It was new.
>
> Q: But when you – –
>
> A: No. No, it hadn't been used much nothing hardly because we had a bigger ladder at that time. This was new.

The Court has no way of knowing whether Ms. Davis' testimony that the ladder was new is referring to the ladder being new to them, or if the ladder was a brand new purchase at a retail store. Based on the evidence before the Court, and drawing all reasonable inferences in favor of the plaintiff, the Court must conclude that there is evidence from which a jury can conclude that the ladder was purchased within the ten years prior to the filing of this suit.

Finally, the defendants submit that the plaintiff cannot overcome the statutory presumption set forth in *Tenn. Code Ann.* § 29-28-104, which states:

> Compliance by a manufacturer or seller with any federal or state statute or administrative regulation existing at the time the product was manufactured and prescribing standards for design, inspection, testing, manufacture, labeling, warning or instructions for use of the product, shall raise a rebuttable presumption that the product is not in an unreasonably dangerous condition in regard to matters covered by these standards.

The defendant's expert witness opines that the subject ladder met both ANSI and OSHA regulations applicable to the manufacturer of the ladders at the

9

time of its manufacture. In its response to the motion for summary judgment, the plaintiff offers no evidence to rebut this presumption. The Court must presume that it would rely upon the opinion of its expert, though the plaintiff's expert, Mr. Hess, makes no reference to the standards applicable to the manufacturer of this ladder or any manner in which it failed to comply. The Tennessee Court of Appeals has held, as pointed out by the defendant in its motion for summary judgment, that the presumption is not met by regulations which are applicable to employers rather than manufacturer's conduct, like OHSA. *Tuggle v. Raymond Corporation*, 868 S.W. 2d 621 (Tenn. Ct. App. 1993). Nevertheless, the defendant submits that the ANSI requirements exceed OSHA's requirement for safe ladders. Additionally, courts have relied upon ANSI standards for purposes of determining whether the rebuttable presumption exists when considering a similar Michigan products liability statute. *See Lesho v. Textron, Inc.*, 408 F. Supp. 2d 329, 333–34 (E.D. Mich. 2005). Given the plaintiff's failure to rebut the presumption, the Court, for his additional reason, must find for the defendant.

For the foregoing reasons, a judgment will enter granting the defendant's motion for summary judgment.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
